## IN THE MATTER OF THE ESTATE OF HIDDEN.

THE allowance of a claim against an estate by an executor or administrator, and the Probate Judge, has the force and effect of a judgment, to be paid in due course of administration; but it is doubtful whether this judgment would bind another creditor of the estate who is not a party to it.

When the account of a claimant is contested, and he applies for leave to amend, by filing a more full and particular account, the amendment should be allowed.

APPEAL from the Probate Court, Santa Clara County.

The facts are stated in the opinion of the Court.

*C. T. Ryland*, for Appellant.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The appellant in this case was a creditor of the deceased, and duly filed his claim against the estate, which was allowed by the

administratrix and the Probate Judge, on the fifth day of January, 1861.    Afterward, on the thirtieth day of October, 1861, while the final account of the administratrix and settlement thereof was pending in the Probate Court, one of the creditors of the estate filed objections to the final account; and among other things objected to the allowance of the appellant's claim, on the ground that a portion thereof was barred by the Statute of Limitations.    No fraud, mistake, misrepresentation, or deceit on the part of appellant, or of the administratrix, are charged.    On the hearing of the matter, the Probate Judge refused to permit the plaintiff to file a more full and particular statement of his account, or to give him an opportunity to prove that his claim was not barred by the statute, but rejected a large portion of his claim on that ground alone.

In construing the statute relating to the estates of deceased persons, this Court has held, that a claim duly allowed by the administrator and Probate Judge, fixes the obligation upon the estate as a judgment, and has the same force and effect as a judgment. (*Dick's Estate* v. *Gherke*, 6 Cal. 669 ; *Pico* v. *De la Guerra*, 18 Id. 430.)    In *Beckett* v. *Selover* (7 Id. 228), while an allowed claim was held to have the force of a judgment, it was still considered to be of no force, except as between parties and privies, and therefore it was held not to bind the heir in a proceeding for the sale of real estate for the payment of debts.    So, too, it is doubtful whether it would bind a creditor of the estate who is not a party to it.    Upon the question of the Statute of Limitations, the one hundred and thirty-fifth section of the Probate Act is imperative, as it provides that " no claim shall be allowed by the executor or administrator, or by the Probate Judge, which is barred by the Statute of Limitations."

But the Court erred in not permitting the appellant to file a more full and particular account of his claim, and in refusing to give him an opportunity to prove that his claim was not barred by the statute.

. The order of the Court rejecting the claim is therefore reversed, and the case is remanded for further proceedings.