[No. 12575. In Bank. — October 23, 1888.]

ADOLPH ZIRKER, APPELLANT, v. R. H. HUGHES, AUDITOR OF MERCED COUNTY, RESPONDENT.

SPLITTING UP CAUSES OF ACTION. — The rule that a party cannot split up his cause of action applied to a claim against a county.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. H. Ward*, and *Frank H. Farrar*, for Appellant.

*J. W. Breckenridge*, and *Breckenridge & Peck*, for Respondent.

HAYNE, C. — Application for writ of mandate against the auditor of Merced County to compel him to draw a warrant upon the treasurer in favor of petitioner for $640.77. The petitioner was the holder by assignment of a claim against the county for $952.77. This claim was presented by him to the board of supervisors for allowance, and was allowed by them for the amount which petitioner claims here, viz., $640.77, and no more. The petitioner then sued the county in the justice's court for $299.99 (said amount being a part of his said claim), and recovered judgment for that sum and costs, which judgment was paid by the county. He then brought the present proceeding for a warrant for the $640.77, for which his original claim had been allowed. The de-

fendant pleaded the judgment of the justice's court as a bar to the proceeding, and the trial court sustained this plea, and rendered judgment accordingly.

We think that this was right. A claimant who is dissatisfied with the amount allowed him must sue the county within six months. (Laws 1883, p. 313, sec. 44.) The suit must be for his whole claim. It is an old and well-settled rule that a party having an entire demand cannot split it up into separate causes of action. If the petitioner could split his demand into two parts, he could split it into 952 parts, in which case the costs alone would amount, at the rate of the suit above mentioned, to over four thousand dollars. If he undertake such a course, the judgment in the first suit is, when properly pleaded, a bar to the rest.

The other matters do not require special notice. We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.