[No. 13018.   In Bank. — July 31, 1890.]

JOHN WALKERLY, APPELLANT, *v.* MARTIN BACON
    ET AL., EXECUTORS, ETC., RESPONDENTS.

ESTATES OF DECEDENTS — BILL IN EQUITY FOR PORTION OF CLAIM REJECTED
    — ENFORCEMENT OF PAROL TRUST. — Where it appears that a decedent
    was the sole devisee of an estate which he received on distribution, subject
    to a parol trust to pay out of the estate a certain sum to the plaintiff, and
    that a claim against the estate of the decedent was presented by the plain-
    tiff and allowed in part by the executors of the estate, and approved by
    the judge, a bill in equity will lie against the executors to enforce the
    trust against the estate as to the remainder of the claim, it further ap-
    pearing that the claim to the balance of the demand was not waived, and
    that the claim was not stale nor barred by the statute of limitations.
    (PATERSON, J., dissenting.)
ID. — DEMAND UPON EXECUTORS — ALLOWANCE OF PORTION OF TRUST FUND.
    — Such action cannot be maintained without a demand upon the execu-
    tors; and the plaintiff cannot be concluded by their allowance of part of
    the trust fund claimed, if not accepted in satisfaction of the demand;
    though the executors might have refused to allow any portion of it, on
    the ground that it was to be established in equity, if at all.
ID. — EFFECT OF ALLOWED CLAIM — ESTOPPEL OF CREDITOR TO SUE FOR POR-
    TION DISALLOWED. — An allowed claim against an estate has the force
    and effect of a judgment payable in due course of administration; and it
    is the duty of a claimant to file an allowance of part of his claim in the
    court within thirty days, to be paid in due course of administration;
    and he is not estopped by such action to sue either at law or in equity
    for the portion disallowed.
EQUITY JURISDICTION — CONSIDERATION OF CIRCUMSTANCES. — Equity is not
    bound to the strict legal rights of the parties, but will take into consid-
    eration all the circumstances, in order to arrive at the justice of the
    case.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Kellogg & King, R. B. Wallace,* and *B. B. Newman,* for
Appellant.

The plaintiff was compelled to ask relief in equity to en-
force the trust. (*Gunter's Executors* v. *Janes,* 9 Cal. 643;
*Haverstick* v. *Trudel,* 51 Cal. 431; *Allgier's Case,* 65 Cal.

228.) An action to enforce a trust against the represent-atives of a deceased trustee is not founded upon a claim or demand against the estate of deceased. (*Myers* v. *Rein-stein*, 67 Cal. 89; *Gillett* v. *Hickling*, 16 Brad. App. 392.) An action in equity can as well be maintained against the executors of a trustee as against the trustee in his life-time. (*Lathrop* v. *Bampton*, 31 Cal. 17; 89 Am. Dec. 141.) Chancery has jurisdiction in cases of trust. (*Ord* v. *De la Guerra*, 18 Cal. 67; *Sanderson* v. *McIntosh*, 65 Cal. 36; *Platt* v. *Oliver*, 2 McLean, 267.) Equity will not suf-fer a trust to fail from the negligence of the trustee. (*Kidwell* v. *Brummagim*, 32 Cal. 443.) An express trust continues until repudiated to the knowledge of the *cestui que trust*. (*Baker* v. *Joseph*, 16 Cal. 173; *Ord* v. *De la Guerra*, 18 Cal. 67; *Schroeder* v. *Jahns*, 27 Cal. 274-279; *Hearst* v. *Pujol*, 44 Cal. 230; *Janes* v. *Throckmorton*, 57 Cal. 368; *Zuck* v. *Culp*, 59 Cal. 142; *Broder* v. *Conklin*, 77 Cal. 330; *McClure* v. *Colyear*, 80 Cal. 378.) A demand was necessary, and unless the trust was denied, no suit could be maintained. Equity alone could enforce the repudi-ated part of the trust. (*Haverstick* v. *Trudel*, 51 Cal. 431, 434.) Equity is not bound down to the strict legal rights of the parties, but will consider all the circumstances, to arrive at justice. (*Weyant* v. *Murphy*, 78 Cal. 278-283; *Johnston* v. *San Francisco Sav. Union*, 75 Cal. 134.) Equity will not permit a fraud upon the testator of the dece-dent in breach of trust. (*De Laurencel* v. *De Boom*, 48 Cal. 486.) The acceptance of the trust may be shown by parol. (Flint on Trusts and Trustees, sec. 134.) The trust is proved, as found by the court below, and is beyond all discussion, as respondents have not appealed. The pre-sentation of the claim was no waiver of the right to sue in equity for the part disallowed, and constitutes no es-toppel. (*Meyer* v. *Executors*, 2 Woods, 160; Code Civ. Proc., secs. 1496-1498.) It is a useless and redundant proceeding to require suit upon that part which was al-lowed. A judgment for the plaintiff in this case would

only have the effect of an allowance of the remainder of the demand. (Code Civ. Proc., sec. 1504.)

*Mastick, Belcher & Mastick,* for Respondents.

When part of a claim is allowed, if the creditor is not satisfied, he must sue for his whole claim, and cannot have costs unless he recovers a greater amount. (Code Civ. Proc., sec. 1503.) A demand cannot be split, and if part of it is reduced to judgment, there can be no action for the remainder. (*Zirker* v. *Hughes,* 77 Cal. 235; *Herriter* v. *Porter,* 23 Cal. 385, 387; *De la Guerra* v. *Newhall,* 53 Cal. 141, 147; *Wetmore* v. *San Francisco,* 44 Cal. 294, 303.) It is well settled that a claim against the estate of a deceased person, when allowed by the executor and by the judge, and filed with the clerk, has, as between the creditor and the executor, the force and effect of a judgment. (*Deck's Estate* v. *Gherke,* 6 Cal. 666; *Estate of Hidden,* 23 Cal. 362; *Estate of Schroeder,* 46 Cal. 304, 317; *Estate of McKinley,* 49 Cal. 152; *Estate of Glenn,* 74 Cal. 567.) The trust property not being identified, the beneficiary becomes a simple creditor, and must present his claim in the usual way. (*Lathrop* v. *Bampton,* 31 Cal. 17; 89 Am. Dec. 141; *Gillespie* v. *Winn,* 65 Cal. 429; *Rowland* v. *Madden,* 72 Cal. 17.)

The COURT. — This is a bill in equity against the executors of the last will and testament of William Walkerly, deceased. Decedent was the sole devisee of Martin Walkerly, deceased, and as such received on distribution the entire estate left by said Martin, amounting to about two hundred thousand dollars. It is alleged, and the court finds, that he accepted and received this estate subject to a parol trust to pay out of said estate to the plaintiff in this cause the sum of ten thousand dollars. William Walkerly died without having executed the trust by paying the said ten thousand dollars, or any part thereof, and his estate passed to his executors, subject to the trust.

In this state of the case, the plaintiff presented a formal claim against the estate for said' ten thousand dollars to the executors for allowance. They allowed it for five thousand dollars only, when it was presented to the judge of the proper court, and by him approved for the same amount, and it now stands as an allowed claim for five thousand dollars against the estate, having the force and effect of a judgment payable in due course of administration.

This bill is filed to enforce the trust against the estate and the executors as to the remaining five thousand dollars. The court finds all the facts in favor of the plaintiff, and specially finds that the plaintiff did not intend to waive his claim to the balance of five thousand dollars of his ten-thousand-dollar claim by any of the acts alleged in the complaint and answer herein, and has never received any money whatever from the defendants or the estate of William Walkerly. It also finds that the claim is not barred by the statute of limitations, and is not stale. It then finds, " as conclusion of law, from the foregoing facts, in connection with the admissions of the pleadings herein, that the acceptance by the plaintiff herein of the partial allowance of the claim presented to the defendants prevents his recovery in this action, and that defendants are entitled to judgment for costs herein."

The case comes up on the judgment roll. Under the admissions of the pleadings and the facts found, we see no good reason for this conclusion of law. The plaintiff might have filed his bill to declare and enforce the entire trust for the full sum of ten thousand dollars, no part of the same having yet been paid; but the executors having acknowledged it, and, in conjunction with the judge of the court sitting in probate, given it the force and effect of a judgment payable in due course of administration of a perfectly solvent estate to the extent of one half of the amount, he seeks in this action only to have it declared and enforced as to the remaining half. Under

the facts found, he seems entitled to that relief. Until demand of the executors, he could not have maintained his action. If, upon making such demand, they allow, or even pay over, a part of the trust fund, that fact will not estop him from claiming the balance, unless he accepts the same in full satisfaction of the demand, and the findings do not support any such theory. The demand having been allowed in part, it was the duty of the claimant to file it in the court within thirty days, to be paid in due course of administration. (Code Civ. Proc., sec. 1497.) But we know of no statute which estops even a simple creditor from bringing his action for that which was disallowed him, simply because he has performed a duty required of him by law in filing with the records of the estate the allowance which was made in his favor. If he would not be thus estopped in an action at law, why should he be upon a claim which, if resisted, can be enforced only in equity?

"Equity is not bound to the strict legal rights of the parties, but will take into consideration all the circumstances, in order to arrive at the justice of the case." (*Johnston* v. *S. F. Savings Union*, 75 Cal. 134.) In this case the executors might with propriety have disallowed the entire claim, on the ground that it was one to be established in equity, if at all. If they had done so, the action would not have been at law, as in the case of a simple creditor, but as now, in equity, to enforce the trust for the full amount. They having, however, allowed a part of the claim, it is sought to enforce all that it remains necessary to enforce to protect the rights of the plaintiff in the only place where it could be done, — a court of equity. We think he has the same right to relief as to this part that he would have had as to the whole, if his claim had been rejected *in toto,* and in such case there can be no question that under these findings he would have been entitled to judgment and decree in his favor.

Judgment reversed, and cause remanded, with instructions to enter judgment on the findings in favor of the plaintiff as prayed.

PATERSON, J., dissenting. — I dissent.   An entire demand cannot be thus split up into several causes of action.   The claim allowed and filed for five thousand dollars has the force of a judgment (*Estate of Glenn*, 74 Cal. 567), and is a bar to this action for the balance. (*Zirker* v. *Hughes*, 77 Cal. 235; Code Civ. Proc., sec. 1503.)