[L. A. No. 584. In Bank.—November 25. 1899.]

CHARLES W. RICHARDSON, Respondent, v. J. W. F. DISS, as Clerk of the Superior Court, etc., Appellant.

ESTATES OF DECEASED PERSONS—SOLVENT ESTATE—INTEREST ON CLAIM. An allowed claim against a solvent estate of a deceased person, which is based upon a contract bearing· a greater rate of interest than the legal rate, continues to bear the contract rate of interest until its payment. Section 1494 of the Code. of Civil Procedure. limiting the rate of interest to that allowed on judgments, applies only to claims against insolvent estates.

ID.—CONSTRUCTION OF CODE—HEADNOTE TO SECTION.—The headnote of section 1494 of the Code of Civil Procedure, to the effect that "claims to be sworn to, and, when allowed, to bear same interest as judgments," cannot be treated as an enactment of law standing by itself, but should be construed in its contextual relation to the whole section of which it is a part.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

This was a proceeding for a writ of mandate to compel the clerk of the superior court of San Bernardino county to pay to the petitioner, who was a creditor of the estate of a deceased person, and whose claim was founded on a promissory note secured by mortgage, the amount of interest due on the note at the rate provided for therein, out of the proceeds of the mortgage property, which had been sold in the probate proceedings. Further facts are stated in the opinion.

J. P. Hight, and Charles L. Allison, for Appellant.

Curtis & Curtis, for Respondent.

GRAY, C.—The record in this case presents the single question: What rate of interest should an allowed claim, based on a promissory note, against a *solvent* estate of a deceased person, bear? On the part of appellant it is contended that the claim after allowance should bear the legal rate of seven per cent, and on the part of respondent it is claimed that the agreement as to interest, contained in the contract upon which the claim is based, is the measure of the rate of interest as well after the

claim is allowed as before. The learned judge of the trial court adopted the latter theory, and decided that the claim after allowance should draw the contract rate of interest, which in this case was fifteen per cent per annum, compounded quarterly. We think this decision correct.

Section 1920 of the Civil Code provides that: "Interest is payable on judgments recovered in the courts of this state at the rate of seven per cent per annum, and no greater rate, but such interest must not be compounded in any manner or form." Section 1494 of the Code of Civil Procedure provides as to estates of deceased persons: "If the estate be insolvent, no greater rate of interest shall be allowed upon any claim after the first publication of notice to creditors than is allowed on judgments obtained in the superior court."

There is no statutory or code provision cited in the briefs herein fixing any rate of interest on claims against a *solvent* estate, and we infer that no such provision exists. Appellant claims that the headnote to section 1494 of the Code of Civil Procedure, quoted as follows: "Claims to be sworn to, and, when allowed, to bear same interest as judgments," constitutes such provision; but the headnote of a section of the code should not be treated as an enactment of law standing by itself, but should be read and construed in its contextual relation to the whole section of which it is a part. Thus read and construed, it is obvious that the legislature intended by the said section to provide for a rate of interest only as to claims against insolvent estates. Before the enactment of any law reducing the interest on judgments from the contract rate to the legal rate all judgments, based on contracts which provided for interest in excess of the legal rate, continued to draw interest at the rate agreed upon in such contracts. (*Corcoran v. Doll*, 32 Cal. 82.) It would seem also that prior to the adoption of section 1494 of the Code of Civil Procedure, all allowed claims against estates of deceased persons, whether such estates were insolvent or not, bore interest at the contract rate when the contracts upon which they were based provided for a rate of interest in excess of the legal rate. (*Estate of Den*, 35 Cal. 692.) Upon this we argue that, it being necessary to pass statutes to reduce the interest on judgments and on claims against insolvent es-

tates, that in the absence of any statute directed to the same purpose in reference to claims against solvent estates, such claims must still be held to bear interest, up to the time of their payment, at the contract rate. Indeed, the whole course of legislation on the subject of interest would seem to show that such was the intention of the legislature.

Section 1494 of the Code of Civil Procedure, in specially mentioning insolvent estates as subjects for reduction of interest *ex industria,* excludes all estates not mentioned from the operation of this law reducing interest, and shows as plainly as anything short of positive enactment can show that it was the intention and purpose of the legislature that claims against solvent estates should continue after allowance to draw interest at any rate in excess of the legal rate that the contracts upon which they were based would warrant. Such seems also to be the construction placed upon the law by the bench and bar of the state since the enactment of the code referred to herein, for we find in *Consolidated Nat. Bank v. Hayes,* 112 Cal. 75, and in *Finger v. McCaughey,* 114 Cal. 64, that the contracts therein controlled the rate of interest the claims bore after allowance. It is true there is no discussion found in these cases of the question as to what the rate of interest should be. Indeed, all parties and the court seem to have coincided in the same rule of interest adopted by the trial court in the case at bar as being the only rule to be deduced from the code provisions on the subject and therefore requiring no discussion. We have found no decision conflicting with this rule.

For the foregoing reasons we advise that the judgment and order of the court below be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

> Harrison, J.,     Garoutte, J.,
> McFarland, J.,    Temple, J.,
> Henshaw, J.