[S. F. No. 5726. In Bank.—August 4, 1911.]

ANNA R. HAUB, Appellant, v. JOSEPH LEGGETT et al., as Executrix of the Last Will and Testament of Amanda M. Scales, Deceased, Respondents.

ESTATE OF DECEASED PERSON—EFFECT OF ALLOWANCE OF CLAIM.—Under the provisions of the Code of Civil Procedure, an allowed claim against an estate of a deceased person does not attain to the dignity and force of an absolute judgment until, upon the settlement of an account, an order is made directing the executor to pay it. Prior to that time it ranks as an acknowledged debt, but it is still subject to contest by the heirs. It has not become conclusive in favor of the claimant.

ID.—PARTIAL ALLOWANCE OF CLAIM—EFFECT OF FILING—SUIT FOR ENTIRE DEMAND.—The allowance of a claim by the executor and judge for a portion of the amount for which it was presented, and its subsequent filing by the claimant with the clerk of the court, does not constitute conclusive evidence of acceptance by the claimant of the part allowed in full satisfaction of his debt, or operate as a bar to a suit to recover the whole claim.

ID.—JUDGMENT IN ACTION ON PARTIALLY ALLOWED CLAIM.—If the creditor sues for the entire demand, giving no credit for the part allowed, the executor or administrator can set up the allowance in the answer, and the record will then necessarily show whether the judgment given is for the whole claim, or for the balance only. If it is for the whole, the allowance formerly made will be merged in such judgment. If for the balance, only, the former allowance will stand.

ID.—PARTIAL ALLOWANCE MAY BE TREATED AS REJECTION.—The creditor may treat a partial allowance by the executor as a rejection of the entire claim and may bring his suit at once without presenting it to the judge at all. But there is nothing in the statute which makes this the only mode of procedure or which declares that he cannot sue for the whole, if he first presents it to the judge and files it with the papers after the judge has approved the partial allowance of the executor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Fabius T. Finch, for Appellant.

James G. Maguire, for Respondents.

SHAW, J.—Appeal by plaintiff from an order denying her motion for a new trial.

The action is to recover fifteen hundred dollars, alleged to be due plaintiff for services rendered and food supplied to the decedent in her lifetime. The evidence showed the following facts: Plaintiff presented to the defendants, as executors of the estate of said decedent, a claim for said sum for allowance as a claim against said estate. The executors allowed it for only five hundred dollars, and endorsed thereon and signed a statement to that effect. Thereupon the plaintiff presented the claim, so endorsed, to the judge of the superior court and requested him to act upon it. The judge allowed and approved it for five hundred dollars, and thereupon at the request of the plaintiff's attorney it was filed in the office of the clerk of the court. Thereafter, within the time allowed by law this action was begun. Evidence was also given at the trial tending to prove the indebtedness.

The answer set up the allowance of the claim by the executors and the judge for five hundred dollars only, as a judgment, or adjudication, of the controversy, and in bar of the right to recover more than that sum. It also denied the alleged debt, as to the excess over five hundred dollars. The court made findings showing the presentation of the claim, the refusal to allow it for more than five hundred dollars, and the filing of the claim after such partial allowance, but made no finding upon the issues as to the merits of the claim. It was of the opinion that the allowance so made constituted a judgment for the amount allowed and a bar to any action upon the claim, and that therefore no further findings were necessary.

One ground of the motion for new trial was that the decision is against law, in that the court failed therein to find upon material issues. If the aforesaid allowance of the claim is not a bar to a subsequent action upon the claim as a whole, then the other issues were material and the new trial should have been granted upon that ground. (*Swift* v. *Occidental etc. Co.*, 141 Cal. 166, [74 Pac. 700]; *Black* v. *Harrison H.*

*Co.,* 155 Cal. 131, [99 Pac. 494]; *Lyden* v. *Spohn Co.,* 155
Cal. 183, [100 Pac. 236].)

The executors, in support of the order appealed from, con-
tend that the allowance of the claim by the executors and the
judge, and the filing of it thereafter with the clerk, consti-
tute a judgment upon the whole claim for the amount allowed,
which has the effect of merging the claim in the order of allow-
ance, so that under the familiar rule in regard to the merger
of causes of action in judgments, the claim ceases to exist
except in its transformed state and is reduced to five hundred
dollars. It is conceded that if the claim as partially allowed
had not been approved by the judge and filed, the plaintiff
would have been at liberty to sue for the whole claim. The
contention is that such approval by the judge and subsequent
filing with the clerk is a complete estoppel preventing the
plaintiff from claiming more than the part allowed.

The code provides that every claim, when allowed by the
executor and judge must within thirty days thereafter "be
filed in the court and be ranked among the acknowledged debts
of the estate, to be paid in due course of administration."
(Code Civ. Proc., sec. 1497.) If a matured claim is rejected
by the executor or judge, the holder is at liberty to bring suit
thereon within three months after the date of its rejection,
as the law was when these proceedings were taken. (Code
Civ. Proc., sec. 1498.) As it is now it is three months after
service of notice of rejection. (Stats. 1909, p. 147.) If it is
rejected by the executor or judge in part only and "the cred-
itor refuse to accept the amount allowed in satisfaction of his
claim" he cannot recover costs in such suit unless he recovers
on the claim more than "that offered to be allowed." (Code
Civ. Proc., sec. 1503.) A judgment in an action against the
executor upon a money demand against the estate "only estab-
lishes the claim in the same manner as if it had been allowed
by the executor or administrator and a judge." (Code Civ.
Proc., sec. 1504.) The executor must, in his accounts, "exhibit
all debts which have been presented and allowed." (Secs.
1628, 1622.) Any allowed claim, so exhibited, may be con-
tested by the heirs, and a trial by jury may be demanded
thereon. (Sec. 1636.) Upon the settlement of such account
the court must make an order for the payment of the debts
(sec. 1647), and the executor thereupon becomes personally

liable to each creditor therefor and execution may issue against him. (Sec. 1649.)

These provisions show that an allowed claim against an estate does not attain to the dignity and force of an absolute judgment until, upon the settlement of an account, an order is made directing the executor to pay it. Prior to that time it ranks as an acknowledged debt, but it is still subject to contest by the heirs. It has not become conclusive in favor of the claimant. The decisions of this court have always recognized the inconclusive effect of an allowed claim. In *Decks Estate* v. *Gherke,* 6 Cal. 669, it was held that such allowance was conclusive upon the settlement of an account, in favor of an administrator who had paid the claim before filing such account. The decision was made in 1856. The aforesaid provision of section 1636 allowing the heirs to contest was not then in the statute. It originated in 1861. (Stats. 1861, p. 647.) This provision expressly changes the rule of *Decks Estate* v. *Gherke,* 6 Cal. 669, on this point. (See *Estate of Fernandez,* 119 Cal. 579.). Other decisions have repeatedly recognized the rule that the allowance of a claim is not the equivalent of an ordinary judgment. In *Beckett* v. *Selover,* 7 Cal. 228, [68 Am. Dec. 237] ; *Estate of Crosby,* 55 Cal. 582; *Estate of Hill,* 62 Cal. 186; *Weihe* v. *Statham,* 67 Cal. 84, [7 Pac. 143], and *Wingerter* v. *Wingerter,* 71 Cal. 111, [11 Pac. 853], it was held that such allowance does not bind the heir in a proceeding for the sale of land. In *Estate of Hidden,* 23 Cal. 363, it was doubted whether it was binding on a creditor upon a contest of an account. In *Magraw* v. *McGlynn,* 26 Cal. 431, the court says such allowed claim is a judgment "of a qualified character only," and that the subsequent order for payment upon settlement of an account is the final judgment. In *Selna* v. *Selna,* 125 Cal. 357, [73 Am. St. Rep. 47, 58 Pac. 16], it was said that even if it were conceded that the taking of an ordinary judgment for the price of land was a waiver of a vendor's lien therefor, nevertheless the allowance of a claim therefor would not waive the lien, although the statement of the claim did not mention the lien. In *Richardson* v. *Diss,* 127 Cal. 58, [59 Pac. 197], the court held that, after the allowance of a claim on a note bearing fifteen per cent interest, the claim would continue to bear that rate. In *Morton* v. *Adams,* 124 Cal. 229, [71 Am. St. Rep. 53, 56 Pac. 1038], the

plaintiff had bought land which was subject to the lien of a judgment taken against the vendor in her lifetime. The judgment was presented as a claim against the vendor's estate and duly allowed. It was held that this allowance did not merge the former judgment as in the case of an ordinary judgment, the court saying that, "the allowance of a claim is not in any true sense a judgment," and that the lien was not destroyed.

From these decisions it is seen that an allowed claim is held to be not, technically, a judgment, and that all that has ever been decided concerning it is that, for some purposes, it has *the effect* of a judgment. Practically the same question here involved was decided in *Walkerly* v. *Bacon,* 85 Cal. 137, [24 Pac. 638]. William Walkerly, the decedent, had acquired property which was subject to a parol trust in favor of John Walkerly, the plaintiff, for money amounting to ten thousand dollars. John filed a claim, as for a debt, against said estate for the whole sum, and it was duly allowed for five thousand dollars. He then brought suit in equity to enforce the trust as to the remaining five thousand dollars. This court decided that the allowance of the five thousand dollars upon the claim did not estop plaintiff from suing to establish a trust as to the balance. It said that the allowance of a part of the claim had no greater effect than would the payment of such part when the plaintiff made the necessary demand before suit, and that if such part was not accepted in full satisfaction of the demand, the plaintiff was at liberty to proceed to enforce any legal or equitable remedy for the balance. The court added this remark: "We know of no statute which estops even a simple creditor from bringing his action for that which was disallowed him, simply because he has performed a duty required of him by law in filing with the records of the estate the allowance which was made in his favor." This remark, although perhaps *obiter* so far as it refers to a creditor having no lien or charge against the estate, appears to us to state a correct principle of law, in view of the character which the statute and the decisions give to an order of the judge allowing a claim.

Such an order is made *ex parte*. There is neither a trial nor hearing required. If the claim is allowed in full, it must be filed. If allowed in part, only, it may properly be filed among the papers of the estate, for preservation as evidence in case the

claimant should thereafter sue for the whole. We see no good reason for holding that such filing after a partial allowance by both executor and judge, should constitute conclusive evidence of acceptance by the creditor of the part allowed in full satisfaction of his debt, or operate as a bar to a suit to recover the whole claim. It is not necessary to decide whether the suit in such a case should be for the whole claim, or only for the balance. If the creditor sues for the entire demand, giving no credit for the part allowed, as was done here, the executor or administrator can set up the allowance in the answer, as in this case was done, and the record will then necessarily show whether the judgment given is for the whole claim, or for the balance only. If it is for the whole, the allowance formerly made will be merged in such judgment. If for the balance, only, the former allowance will stand. No injustice will be done in either case.

It is true, the creditor may treat a partial allowance by the executor as a rejection of the entire claim and may bring his suit at once without presenting it to the judge at all. But there is nothing in the statute which makes this the only mode of procedure or which declares that he cannot sue for the whole, if he first presents it to the judge and files it with the papers after the judge has approved the partial allowance of the executor. Nothing said in *Zirker* v. *Hughes*, 77 Cal. 235, [19 Pac. 423], is applicable here. It involved different statutes and proceedings. A claim against a county for $952.77 was allowed for only $640.77 by the board of supervisors, leaving a balance of $312. The claimant then sued in a justice's court on the claim, asking judgment for $299, and recovered judgment therefor, which was paid. He then sued Hughes, the county auditor, in *mandamus* to compel him to draw a warrant for the amount previously allowed. The judgment in the justice's court was pleaded in bar in the *mandamus* suit. It was held, in effect, that the statute required one claiming a debt against a county, if dissatisfied with the partial allowance thereof, to sue for his whole claim, and that if he divided it into parts and sued for a part only, the judgment would merge the entire claim and bar the other part. This might be so if a similar course was pursued in the case of a claim against an estate. But here the suit was for the whole claim. Logically, the rule stated in the Zirker case,

that the suit must be for the entire claim, would support the mode here adopted and authorize a judgment for the whole claim, thus merging the partial allowance.

The judgment and order are reversed.

Angellotti, J., Melvin, J., Sloss, J., and Lorigan, J., concurred.