## AGUIRRE v. PACKARD, Administrator.

14  171
f127 598

INTEREST follows a contract, according to the law in existence at the time and place of the contract, or of the performance of it. A subsequent change in the legal rate of interest does not affect the contract.

It is error to charge six per cent. interest on a contract made before the passage of our statute as to interest, up to the date of the statute, and ten per cent. afterward.

Where the account presented to an administrator for allowance contains no item for interest, and the face of the paper does not show that interest results necessarily from the facts stated as constituting the claim, interest is not recoverable.

APPEAL from the Second District.

Suit for balance of an account due from defendant's intestate for goods sold and delivered. The last item in the account is dated September 12th, 1848. The plaintiff presented his account verified to defendant on the 24th July, 1858, showing that the intestate owed plaintiff one thousand six hundred and seventy-six dollars and seventy-five cents. The claim was rejected.

The cause was tried by the Court without a jury. The Court found for the plaintiff, one thousand six hundred and seventy-six dollars and seventy-five cents, besides one hundred and fifty dollars and ninety cents for one year and a half interest, at six per cent. and a further sum of one thousand four hundred and eighty-one dollars and twelve cents for interest at ten per cent. for eight years and ten months, making altogether three thousand three hundred and eight dollars and seventy-seven cents.

Plaintiff had judgment accordingly. Defendant appeals.

*Eugene Liès,* for Appellant.

*E. W. F. Sloan,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The finding of the Court in this case was erroneous. The account presented by the plaintiff against the estate of the intestate, is an open account running through several years. Interest is allowed at the rate of six per cent. per annum on the balance sued for, for some eighteen months; and then interest on this same balance for eight years and ten months, at ten per cent. per annum. We suppose that the rule adopted was, to charge interest at six per cent. until the passage of our statute on the subject of interest—as the rate of interest obtaining in California under the Mexican dominion—and until the State had been formed and enacted a new law, and to charge interest afterward according to that law. But this is inadmissible. Interest follows the contract according to the law in existence at the time and place of the contract, or of the performance of it. But a subsequent change of the legal rate of interest does not affect the contract. It does not appear where this contract was made. The account presented to the administrator does not show any item of interest.

Perhaps this would not be necessary if the face of the paper showed that interest resulted as a matter of course from the facts stated as constituting the claim.   But when this does not appear, we think that the party cannot recover on this account any more than for an article of goods or other item of indebtedness omitted from the statement of claim presented to the administrator.   (See Wood's Dig. 404.)

The question of prescription is not very clearly presented on the pleadings and facts, and it is not necessary for us to pass upon it.

Judgment reversed and the case remanded for a new trial.