[No. 11520. Department Two. — July 20, 1886.]

In THE MATTER OF THE ESTATE OF AUGUSTIN OLVERA, DECEASED.

ESTATE OF DECEDENT — CLAIM AGAINST BEARS INTEREST AFTER SETTLE-MENT OF ACCOUNT. — A claim against the estate of a deceased person, which has been passed upon on the settlement of the final account of the administrator, and ordered to be paid in due course of administration, has the effect of a judgment against the estate, and bears interest at the rate of seven per cent per annum from the date of the decree settling the account, although the demand on which the claim was founded did not bear interest.

APPEAL from a judgment of the Superior Court of Los Angeles County settling the account of an administrator.

The facts are stated in the opinion of the court.

*Bicknell & White*, for Appellant.

*Smith, Brown & Hutton,* for Respondent.

McKEE, J.—On settlement of the final account of the administration of the estate in this case, it appeared that five claims had been presented to the administrator, which were allowed and approved, and were afterward, by a decretal order of the Probate Court, entered on the 11th of February, 1878, " ordered to be paid in due course of administration." One of the claims was for the amount of a promissory note, bearing interest at the rate of one and one half per cent per month, compounded, and the other four were for balances due upon current accounts, without interest.

On the 21st of October, 1885, the administrator paid the claimant the principal and interest due upon the claim based on the note, and the principal of the sums due upon the claims based on the accounts. But upon the last the claimant demanded interest from the 11th of February, 1878, which the administrator refused to pay unless the court allowed it.

The estate is solvent, and the administrator has sufficient moneys of the estate in hand to pay the principal and interest of all claims against the estate.

The court decided that the claimant was not entitled to interest upon the claims based on the accounts, and disallowed it on the ground· that they did not bear interest. From the judgment the claimant appeals.

Undoubtedly the claimant was not entitled to recover interest upon the original accounts, for the reason that there was no rate of interest charged in them. But the accounts were merged in the decretal order of the 11th of February, 1878, which ordered them to be paid in due course of administration. That order had the force and effect of a judgment against the estate (Code Civ. Proc., sec. 1504; *Hidden's Estate,* 23 Cal. 369); and under the code law, interest is payable at the rate of seven per cent per annum on all judgments recovered in

·the courts of this state (Civ. Code, sec. 1917; *White* v. *Lyons*, 42 Cal. 279); therefore the claimant was entitled to be paid interest upon the claims from the date of the judgment upon them.

Judgment reversed, and cause remanded for further proceedings.

THORNTON, J., and SHARPSTEIN, J., concurred.