[No. 12102. In Bank. — January 25, 1888.]

IN THE MATTER OF THE ESTATE OF HUGH J. GLENN, DECEASED.

ESTATE OF DECEASED PERSON — ALLOWANCE OF CLAIM — INTEREST. — A claim against the estate of a deceased person draws interest from the time of its allowance by the administrator and the probate judge, at legal rates.

ID. — RATE. — Whether the interest would be at a different rate where one was agreed upon by the parties, not decided.

APPEAL from an order of the Superior Court of Colusa County refusing to direct the payment of interest upon a claim against the estate of a deceased person.

The facts are stated in the opinion.

*William Barber*, for Appellant.

*F. C. Lusk*, for Respondent.

HAYNE, C. — This is an appeal from an order refusing to direct the payment of interest upon a claim which had been allowed by the administrator and by the probate judge, and filed.

The claim was for services rendered and money advanced to deceased in his lifetime. It was allowed by the administrator on January 22, 1884, and approved by the judge on February 19, 1884. No order in relation to the payment of the claim was made until September 30, 1886, when the court ordered the principal to be paid, but refused to order the payment of interest. The appellant accepted the principal, reserving objections on account of the non-payment of interest. The only question argued is whether the claim drew interest after its allowance and approval.

Section 1504 of the Code of Civil Procedure, which in this respect is substantially the same as section 140 of the old Practice Act (see Laws 1851, p. 465) provides:

"A judgment rendered against an executor or adminis-
trator, upon any claim for money against the estate of
his testator or intestate, only establishes the claim *in the
same manner as if it had been allowed by the executor or ad-
ministrator and a judge.*"

This is an express provision that a judgment upon a
claim has the same effect as an allowance of the claim.
The converse of such a proposition must be true; that
is to say, the allowance of a claim has for this purpose
the same effect as a judgment upon the claim. But a
judgment upon a claim draws interest. (*Pico* v. *Stevens,*
18 Cal. 377.) Hence an allowed claim must draw inter-
est. This conclusion is in harmony with numerous de-
cisions which hold that for some purposes the allowance
of a claim is a judgment. (*Deck's Estate* v. *Gherke,* 6 Cal.
667; *Beckett* v. *Selover,* 7 Cal. 239; 68 Am. Dec. 237; *Es-
tate of Hidden,* 23 Cal. 363; *Estate of McKinley,* 49 Cal.
152; *Estate of Olivera,* 70 Cal. 184.) It is true that the
allowance is not conclusive upon the heirs. (Code Civ.
Proc., sec. 1636; *Weihe* v. *Statham,* 67 Cal. 84, 245.) But
this only amounts to saying that for some purposes it is
not a judgment. As said in *Magraw* v. *McGlynn,* 26 Cal.
420: "Claims so allowed and approved pass into judg-
ments of a qualified character only." For the purpose
in hand, however, we think, as above stated, that an
allowed claim is a judgment, and therefore that it draws
interest. The courts of Texas, which are governed by
statutes similar to ours, have reached the same conclu-
sion. (*Finlay* v. *Carothers,* 9 Tex. 517.) And we think
the doctrine is a salutary one. The prompt settlement
of estates depends to a great extent upon the wishes of
the heirs and the executors or administrators. It is
not wise to hold out inducements for their delay.

It is said that in the *Estate of Selby* a contrary view was
taken. As no opinion was written in that case, we are
unable to say what was the view of the court. It may
be that it supposed other questions were involved. But

however this may be, an unwritten opinion is not entitled to much consideration as authority.

It is proper to add that since there was no agreement fixing the rate, interest must be at legal rates. As to whether a different rule would prevail where the parties had fixed the rate by agreement, we express no opinion.

We therefore advise that the order appealed from be reversed, with directions to the court below to order the payment of interest on the claim from the date of its approval by the judge, at legal rates.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.— For the reasons given in the foregoing opinion, the order appealed from is reversed, and the court below directed to order the payment of interest on the claim from the date of its approval by the judge, at legal rates.

PATERSON, J., TEMPLE, J., and McFARLAND, J., dissenting.—We dissent. (*Estate of Selby*, Myrick's Probate Rep. 125, affirmed March 26, 1877; *Estate of Olivera*, 70 Cal. 184.)