## ESTATE OF PATRICK MALLON, DECEASED.
[No. 9,378; decided June 2, 1893.]

Claims Against Estate—Whether Draw Interest.—All interest-bearing obligations continue to bear interest after the obligor's death; even those that were not originally interest bearing become so after presentation and allowance.

Claims Against Estate—Computation of Interest.—To ascertain the amount of a claim against a decedent's estate at any particular time, there should be added to its face the accrued interest to that date, limiting the rate to seven per cent when the estate is insolvent.

Claims Against Estate.—The Preference Given to Judgments rendered against a decedent in his lifetime includes the interest due thereon at the time of payment.

On January 11, 1890, Mathew McGowan and Thomas Butler, partners under the firm name of McGowan & Butler, obtained judgment in the superior court against Patrick Mallon for $760.56 principal, $30.50 costs, and interest. The judgment debtor died on January 26, 1890, leaving a will, and on February 26, 1890, letters testamentary were issued to Ellen Mallon, his widow.

On November 11, 1890, the judgment creditors filed their claim on the judgment, which claim had theretofore been duly presented, allowed and approved.

On May 29, 1893, the judgment creditors filed a petition for an order requiring the executrix to pay their claim with interest, alleging that the claim was unpaid, and that she had sufficient money of the estate in her hands to pay the same, and that it is a preferred claim. After a hearing the claim was established as a preferred claim, and the executrix was ordered to pay the same, with interest from January 11, 1890.

Roger Johnson, for the petitioners.

M. C. Hassett, for the executrix.

COFFEY, J.   When judgment is given against defendant in his lifetime, and after his death is duly presented, allowed and approved as a claim against his estate, and said estate appears to be insolvent, does the preference given by Code of Civil Procedure, section 1643, extend to the interest on said judgment at time of payment?

The question of preference among claims only becomes material when the estate is insolvent, and section 1643, Code of Civil Procedure, places in the fourth class "judgments rendered against decedent in his life, and mortgages, in the order of their date." The executrix has already paid a mortgage with interest, which is in the same class with this judgment, and we think no one could distinguish between an obligation to pay interest, arising from the contract of parties, as in case of a mortgage, and an obligation to pay it arising by operation of law, as in case of a judgment.

The correct view seems to be that while all interest-bearing obligations continue to bear interest after the obligor's death, even those that were not originally interest bearing become so after presentation and allowance: Estate of Olvera, 70 Cal. 184, 11 Pac. 624; Quivey v. Hall, 19 Cal. 98; Estate of Glenn, 74 Cal. 567, 16 Pac. 396.

So that, in order to ascertain the amount of a claim at any particular date, we add to its face the accrued interest to the desired date, limiting that interest to seven per cent when the estate is insolvent: Code Civ. Proc., sec. 1494.

In consequence of this the "debt" which is preferred by section 1643 is the judgment or mortgage plus interest to the

date of payment. And this "debt" must be paid in full, if it is preferred, before any "debt" of a lower class is paid either partially or at all: Code Civ. Proc., sec. 1645.

The word "debt" used in those two sections has a settled meaning, and always includes interest on interest-bearing obligations: Brown v. Lamb, 6 Met. 203; Gray v. Bennett, 3 Met. 522, 526.

In Quivey v. Hall, 19 Cal. 98, it was held, where a judgment rendered against decedent in his lifetime was presented as a claim against his estate and rejected and suit brought on it, the judgment against the administrator was properly given for the amount of the judgment and interest to date of rendition of judgment as administrator.

So that if this claim had been rejected, and claimant had sued the executrix, he would have recovered what he claims now, with the right to priority over the general debts of the estate.

It will be conceded that claimant would be entitled to this accrued interest if the estate was solvent, and it seems that the burden devolves on the executrix to show a different rule, if there be one, regarding an alleged insolvent estate—the only distinction appearing from the statute to be that debts of all classes shall bear but seven per cent interest if the estate is insolvent: Code Civ. Proc., sec. 1494.