[S. F. No. 6698.   In Bank.—July 7, 1914.]

In the Matter of the Estate of THOMAS BELL, Deceased; TERESA BELL, as Administratrix, Appellant; FRANK J. SYMMES, as Receiver of the California Safe Deposit & Trust Company (a Corporation), Claimant and Respondent.

ESTATE OF DECEDENT—JURISDICTION OF SUPERIOR COURT IN PROBATE—TO WHAT MATTERS EXTENDS.—The superior court sitting in probate is a court of general jurisdiction, and in determining any question arising in the administration of an estate which it is expressly authorized to decide it may bring to its aid the full equitable and legal powers with which, as the superior court, it is invested. The superior court, while sitting in matters of probate, is the same as it is while sitting in cases of equity, in cases at law, or in special proceedings; and when it has jurisdiction of the subject matter of a case falling within either of these classes, it has power to hear and determine, in the mode provided by law, all questions of law and fact the determination of which is ancillary to a proper judgment.

ID.—ENFORCEMENT OF ALLOWED CLAIM AGAINST ESTATE—SETOFF BY ADMINISTRATRIX—JURISDICTION OF COURT.—Where the receiver of an insolvent trust company institutes proceedings in the matter of an estate of a decedent to enforce the payment of its allowed claim against the estate founded on a debt created prior to the death of the decedent, the superior court, sitting thus in probate, has jurisdiction to determine the validity of a setoff asserted by the administratrix and growing out of a deposit of funds of the estate made by her with the Trust Company before its insolvency.

ID.—INTERPRETATION OF CODE SECTIONS RELATIVE TO SETOFF—PROBATE PROCEEDING AS "ACTION."—The proceeding in the matter of the estate by the Trust Company to obtain an order directing the payment of the allowed claim is an "action" within the meaning of

sections 438 and 440 of the Code of Civil Procedure; and it does not affect the jurisdiction of the court that it may not, in such proceeding, award judgment for any excess. It can, as section 440 declares may be done, adjudge that the two demands are compensated in as far as they equal each other, leaving to the administratrix the right of asserting a claim for any excess in the insolvency proceeding where the affairs of the Trust Company are being settled.

ID.—INDEPENDENT ACTION TO ESTABLISH SETOFF—WHETHER ADMINISTRATRIX SHOULD RESORT TO.—In such case the administratrix is not required to resort to an action against the receiver to establish her setoff, although such course would be open to her. The superior court sitting in probate and in this proceeding which the Trust Company inaugurated to enforce payment of its claim, has jurisdiction to determine the validity of her setoff; but so has the superior court in the insolvency proceeding against the Trust Company, had she intervened there. The court in either proceeding has jurisdiction of the subject matter, and the administratrix has the right to present it for determination in either proceeding or in both.

ID.—INTEREST ON CLAIM AGAINST ESTATE—WHETHER BEARS LEGAL RATE.—It is error to allow seven per cent interest on an allowed claim against an estate from the date of the allowance, if the claim is based on a promissory note bearing six per cent interest.

ID.—ALLOWED CLAIM—HOW FAR EQUIVALENT TO JUDGMENT—INTEREST. The allowance of a claim against a solvent estate is not equivalent to an ordinary judgment. It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate. It is only after such an order is made that it bears interest at the statutory rate.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment by an administratrix of an allowed claim against the estate of her decedent. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Drown, Leicester & Drown, for Respondent.

LORIGAN, J.—This appeal is from an order made in the Estate of Bell, deceased, directing the appellant, adminis-

tratrix, to pay an allowed claim of the California Safe Deposit and Trust Company, an insolvent corporation (hereafter to be designated The Trust Company or bank) against said estate.

This and another appeal taken by the administratrix from an order of the superior court dismissing her petition in intervention, filed in the insolvency proceeding against said trust company—*People etc.* v. *California Safe Deposit and Trust Company,* respondent *Teresa Bell,* as administratrix, etc., intervener and appellant, (No. S. F. 6487), *ante,* p. 241, [141 Pac. 1181], were presented together. The opinion of this court in the appeal last mentioned, filed this day, is referred to for a detailed statement of the facts under which the question involved here is presented. It may be stated, however, generally, as to the present appeal, that the respondent, as receiver of the Trust Company, petitioned the court in the matter of the Estate of Bell, deceased, for an order directing the administratrix to pay a claim on a promissory note given for forty thousand dollars and interest at six per cent per annum, which Bell, at the time his of death, owed the said trust company, and which was presented and allowed in its favor against his estate, and filed on May 25, 1893. The balance claimed to be due (payment having been made by the estate from time to time) was $10,093.40, with interest at seven per cent per annum from May 25, 1898. The Trust Company or bank had been adjudged insolvent on January 14, 1908, the respondent appointed receiver to liquidate and settle its affairs, and it was alleged that said claim against the estate was an asset of the said insolvent trust company. All claims against the estate of Bell, save that of the Trust Company, had been paid and the estate was solvent.

The administratrix answered the petition of the receiver. She did not contest the allegations of the petition further than they were qualified by a setoff which she pleaded, and, except that she denied that the claim ever bore interest at seven per cent per annum, or a greater rate than six per cent per annum. Her principal defense, however, was a setoff in support of which she alleged that long prior to the insolvency of the Trust Company or bank, and under an order of court appointing it depositary of the funds of the estate and directing her to deposit them with it, she had done so, and that at the time of the insolvency of said bank there was on deposit with it an amount in excess of twenty thousand two hundred dollars assets of said

estate; that the total amount due on the claim of the said bank against the estate when the bank became insolvent, did not exceed fifteen thousand dollars, and that there was a balance due from it to the administratrix of the estate as such, the sum of five thousand two hundred dollars. Her prayer was that the petition for payment by the bank be denied and it be adjudged that at the date of its insolvency there was owing from it to the administratrix of said estate a balance of five thousand two hundred dollars. In effect the position of the administratrix under her answer was that she had a right to have set off against the allowed claim of the bank its debt to her as administratrix and respecting the funds of the estate on deposit with it in as far as they compensated each other at the time of the insolvency of the bank, and for a judgment over in her favor for any excess.

The receiver demurred to the answer of the administratrix on the grounds that it did not state facts sufficient to constitute a setoff, and that the court had no jurisdiction of the alleged setoff. The court sustained the demurrer on the ground "that the court sitting in a probate matter had no jurisdiction to entertain the counterclaim or setoff pleaded by the said administratrix in her amended answer," and thereafter made an order in which it found that there was due the said bank from the estate the sum of $20,809.22, being unpaid principal in the sum of $10,093.40, and interest thereon from February 25, 1898, at the rate of seven per cent per annum; that the estate had ample funds out of which to make payment, and ordered the administratrix forthwith to pay the amount to the receiver.

This appeal is from that order. In as far as this appeal may involve the question (conceding for the present that the court in a probate proceeding had jurisdiction to entertain such a defense), that the facts alleged in the answer of the administratrix did not constitute a defense of counterclaim or setoff, that question is disposed of in our opinion filed this day in the other appeal by the administratrix hereinabove referred to (S. F. No. 6487), *ante* p. 241, where we held that they did.

Now as to the question of jurisdiction. We are satisfied that the superior court sitting in probate had jurisdiction to entertain the defense of setoff interposed by the administratrix. It had jurisdiction of the estate of Bell and over all proceedings therein which included a determination of whether the bank was entitled to the order for payment of its

allowed claim. It had jurisdiction of the parties in that particular proceeding and over the subject matter. It is true that the superior court sitting in probate is limited in its jurisdiction to the extent that it must follow the mode of procedure provided by statute in the administration of the estate of a decedent and can only determine those questions or matters arising in the estate which it is authorized to do. Here the question whether a creditor is or is not entitled to an order for payment of his allowed claim arose in the proceeding in the administration of the estate. It was a controversy arising in the estate itself and involved the right of the creditor to share in its assets, and was a question which the court sitting in probate was authorized to determine. The fact that acting in probate it may be called.upon to apply legal or equitable rules or principles in considering a question it is called upon to determine does not affect its jurisdiction. to do so. The superior court sitting in probate is a court of general jurisdiction, and in determining any question arising in the administration of an estate which it is expressly authorized to decide, it may bring to its aid the full equitable and legal powers with which, as the superior court, it is invested. As said by this court in *Burris* v. *Kennedy*, 108 Cal. 336, [41 Pac. 459] : "The superior court, while sitting in matters of probate, is the same as it is while sitting in cases of equity, in cases at law, or in special proceedings, and when it has jurisdiction of the subject matter of a case falling within either of these classes it has power to hear and determine in the mode provided by law all questions of law and fact, the determination of which is ancillary to a proper judgment."

Respondent does not point out why the court in the probate proceeding did not have jurisdiction to entertain this defense of setoff, except it asserts that by the provisions of the Code of Civil Procedure, (secs. 438, 440), the right of setoff is limited to *actions* between parties, and that this proceeding for an order directing the payment of an allowed claim is not an action; further, that even where a setoff is asserted in actions, it can only be asserted in those actions where a several judgment might be had between the parties and this cannot be done here because the court, if it found that the amount due to the administratrix exceeded the amount due to the bank, could not render a judgment against the receiver for such excess. And respondent asserts that the only way the

administratrix could establish or enforce her claim of setoff, would be in an action against the receiver of the insolvent bank. We think, however, that a proceeding in the estate of a decedent to obtain the order sought here may be regarded as an action within the terms of the sections of the code referred to respecting counterclaims or setoffs. Nor does it affect the question of jurisdiction that the court in such proceeding may not award the judgment for any excess. It can, as section 440 declares may be done, adjudge that the two demands are compensated in as far as they equal each other, leaving to the administratrix the right of asserting a claim for any excess in the insolvency proceeding where the affairs of the Trust Company are being settled. Nor is there any merit in the claim that the administratrix should have resorted to an action against the receiver to establish her setoff. She might, it is true, have intervened in the insolvency proceeding against the bank if she so desired. The superior court sitting in probate and in this proceeding which the bank inaugurated to enforce payment of its claim, had jurisdiction to determine the validity of her setoff. But so had the superior court in the insolvency proceeding against the bank had she intervened there; the court in either proceeding had jurisdiction of the subject matter, and the administratrix had the right to present it for determination in either proceeding or in both.

Aside from these questions of jurisdiction the further question is presented of the validity of the order made by the court directing the payment of the claim as regards the rate of interest computed on it. The court allowed interest at the rate of seven per cent per annum from May 25, 1898, up to the date of the order and until payment of the claim. The allowance of interest at the rate of seven per cent up to the date of the order of payment, instead of six per cent, was erroneous. In allowing the higher rate the court' doubtless proceeded on the theory that when the claim was allowed and approved it ranked as a judgment and drew interest at seven per cent per annum, as provided by section 1920 of the Civil Code respecting judgments recovered in the courts of this state. But it is settled by our decisions that the allowance of a claim against a solvent estate is not equivalent to an ordinary judgment. It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment

until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate. It is only after such an order is made that it bears interest at the statutory rate. (*Richardson* v. *Diss*, 127 Cal. 58, [59 Pac. 197]; *Haub* v. *Leggett*, 160 Cal. 491, [117 Pac. 556].) The note by its terms bore interest at six per cent per annum, and it was error therefore for the court to allow interest at more than that rate from May 25, 1898, to the date of the order for payment.

The order appealed from is reversed.

Melvin, J., Henshaw, J., Shaw, J., and Sloss, J., concurred.