[Civ. No. 6866.   Second Appellate District, Division Two.—August 4, 1931.]

WILLIAM PREDER, Appellant, v. FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation) et al., Respondents.

John F. Poole for Appellant.

Jennings & Belcher, Fred E. Peterson and Berge Lion for Respondents.

CRAIG, J.—General and special demurrers having been sustained, the plaintiff appealed from the resultant judgment.

Respondent Schreiber was a notary public in and for the county of Los Angeles, and the respondent corporation issued its usual bond guaranteeing the faithful performance of her services as such notary public. A deed of trust, bearing the forged signature of appellant as one of three trustees of a firm designated as Nau, Preder & Co., purporting to be a lien upon certain real property and to secure a promissory note, was certified as having been acknowledged personally by said trustees. Being "hard pressed financially . . . plaintiff was compelled to sell" said property

and "to make said sale and clear the title . . . was compelled to pay" the principal sum of said note. It was further alleged that the notary also certified to certain deeds "making up the title upon which said forged trust deed rested", but it nowhere appears as to what if any damage appellant claims to have sustained as a result of these latter alleged derelictions. The asserted basis of the action arises from the fact that the defendant Schreiber certified to a false signature, and falsely certified that the plaintiff appeared before said notary public and acknowledged the same.

It is contended that it was reversible error to sustain the demurrers of the defendants without leave to amend. However, it does not appear that aside from a clouding of the title to the realty, the void deed of trust executed by the perpetrator of the fraud created any obligation upon the part of appellant through the instrumentality of the notary public. Since it could not have resulted in a valid subsisting indebtedness, it follows that there was not a legal liability. Neither involuntary payment of the amount of the note, nor the validity of the deed of trust, could have been alleged. "In an action such as this, it must appear that the default of the notary was the proximate cause of the loss or there can be no recovery. (20 R. C. L. 336; *American Security Co.* v. *First Nat. Bank*, 203 Ala. 179 [82 South. 429]; *Overacre* v. *Blake*, 82 Cal. 77, 82 [22 Pac. 979].)" (*Riverside Portland Cem. Co.* v. *Maryland Casualty Co.*, 46 Cal. App. 87 [189 Pac. 808]; *Oakland Bank of Savings* v. *Murfey*, 68 Cal. 455 [9 Pac. 843].)

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.