[Civ. No. 11180. Second Appellate District, Division One.—March 23, 1937.]

WILLIAM M. ROBERTSON, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation), Respondent.

Charles L. Nichols, Carleton B. Wood and Gerald F. H. Delamer for Appellant.

George W. Trammell, Jr., City Attorney, Harlan V. Boyer, Assistant City Attorney, and Walhfred Jacobson, Deputy City Attorney, for Respondent.

DORAN, J.—This is an appeal from a judgment in favor of defendant after the sustaining of a general demurrer to the complaint without leave to amend.

The complaint in the action alleged that about 12:30 A. M. plaintiff was riding in an automobile in a general easterly direction on East Ocean Avenue in the City of Long Beach and was approaching the intersection of that avenue with Fifty-fifth Street; that east of said intersection, East Ocean Avenue is divided into two parts, a northerly and southerly part, which parts are separated by a strip of property; that at the intersection there is a jog in East Ocean Avenue so that the southern curb of the avenue east of the intersection is approximately twelve feet north of the southerly curb west of the intersection; that this curb and sidewalk is approximately eight to ten inches higher than the level of the pavement on the avenue; that as the vehicle in which plaintiff was riding entered this intersection, there were no signs, barricades, lights, warning signals or devices of any nature whatsoever indicating the jog, or indicating that East Ocean Avenue did not continue in a straight line east of said intersection, or that the southerly curb line of the avenue, east of the intersection was north of its southerly curb line west of the intersection, or indicating that the sidewalk or curb east of the intersection extended north of the sidewalk and

curbing west of the intersection; that the automobile in which plaintiff was riding collided with said sidewalk and curbing east of the intersection; that as the proximate result of this collision plaintiff was injured and damaged.

It was further alleged that said conditions were dangerous to vehicular traffic and that said city had knowledge of said conditions and had failed and neglected to remedy the same. Other allegations are unrelated to the questions raised by this appeal.

Before the ruling on the demurrer, appellant asked leave, in the event of an unfavorable ruling, to amend, but at no time was a formal written amendment offered, unless it might be said that such offer appeared in the brief filed by plaintiff's counsel in the lower court wherein, with reference to the points raised by the demurrer, it was suggested that the objection to the sufficiency of the complaint could be overcome by "the addition of allegations negativing the existence of natural conditions sufficient of themselves to constitute a warning of equal effect to the warning which would have been given by a barricade or other warning sign".

█ It is contended by respondent that in the light of the record no cause of action could have been stated by plaintiff; that no liability attaches to a municipality under such circumstances. This contention of respondent must be sustained. In the case of *Waldorf* v. *City of Alhambra*, 6 Cal. App. (2d) 522 [45 Pac. (2d) 207], in which case the facts were almost identical, the court declared: "In almost every city of size in this state some streets are laid out and improved without uniformity as to width or direction, resulting in so-called 'jogs', 'offsets' or 'goosenecks', some ending at cross-streets and some even forming cul-de-sacs. We are convinced that the law does not require a municipality to maintain either barriers or warning devices at 'jogs' or 'offsets' of the construction, nature and appearance of that described in the complaint herein. To the prudent operator of a motor vehicle, acting within the scope of the law governing his own conduct in traversing a public street in the night-time, the pavement, curb, sidewalk and the parkway with the trees or poles therein constitute a barrier or warning sufficient to avert disaster and as readily visible to the alert driver as a sign informing him of the condition, there being nothing to conceal the real condition nor to deceive the operator of an ap-

proaching automobile while driving at a lawful rate of speed and with due caution.''

■ Appellant earnestly contends that nevertheless permission should have been granted to amend, but is well settled that when the complaint does not state a cause of action and it is evident that neither by a proper offer to amend, nor any offer to amend, it can be made to do so, a refusal by the court to permit an amendment cannot be said to be an abuse of discretion. (*People* v. *Mount Shasta Mfg. Co.*, 107 Cal. 256 [40 Pac. 391]; *Hauser* v. *Pacific Gas & Elec. Co.*, 133 Cal. App. 222 [23 Pac. (2d) 1068]; *Simpson* v. *Gillis*, 1 Cal. (2d) 42 [32 Pac. (2d) 1071].) In the case at bar the issue sought to be raised by the proposed amendment was fully covered by the original complaint.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.