[Civ. No. 15105. First Dist., Div. Two. Apr. 1, 1952.]

Estate of FRANK A. GIRARD, Deceased. GEORGE W. LEWIS, Appellant, v. LEORE G. FRITZ, as Executrix, etc., Respondent.

Myers & Carter for Appellant.

Thomas H. Matimore and Ira S. Solomon for Respondent.

DOOLING, J.—Appellant presented a creditor's claim to the executrix of the will of Frank A. Girard for money advanced in the sum of $51,771.49. The claim was allowed and approved by the executrix on March 10, 1950, and by the probate judge on March 14, 1950, for the full amount claimed. It was ordered paid by an order of the probate judge made

and entered on October 20, 1950, and the principal sum of $51,771.49 was paid to appellant on October 24, 1950, pursuant to said order.

Appellant demanded interest at the statutory rate of 7 per cent per annum from the date of the allowance and approval of his claim and his receipt of the principal sum was agreed to be without prejudice to his assertion of this demand. He has appealed from the order for payment and from the later decree settling the executrix' final account and distributing the estate.

An affidavit of Ira S. Solomon contains the averment "That for many years George W. Lewis (appellant) and decedent had assisted each other financially . . . and when either party loaned to the other any sums of money . . . it was distinctly understood, and it was the custom, that neither party would pay to the other party any interest. . . ." No demand for interest was made in the creditor's claim presented to the executrix and it is not claimed on appeal that the indebtedness was an interest-bearing one.

The only question presented to us is whether a non-interest-bearing debt of a decedent bears interest at the statutory rate from the date of the allowance and approval of the creditor's claim. We have concluded that under the existing statutory law it does not.

Appellant relies on *Estate of Glenn,* 74 Cal. 567 [16 P. 396]; *Estate of Cummins,* 143 Cal. 525 [77 P. 479]; and *Estate of Mallon,* 3 Cof. 125. The basic case is *Estate of Glenn, supra,* and the following quotation from the opinion in that case clearly shows the basis of that decision (74 Cal. 567-568):

"Section 1504 of the Code of Civil Procedure, which in this respect is substantially the same as section 140 of the old Practice Act (see Laws 1851, p. 465) provides: 'A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim *in the same manner as if it had been allowed by the executor or administrator and a judge.'*

"This is an express provision that a judgment upon a claim has the same effect as an allowance of the claim. The converse of such a proposition must be true; that is to say, the allowance of a claim has for this purpose the same effect as a judgment upon the claim. But a judgment upon a claim draws interest. (*Pico* v. *Stevens,* 18 Cal. 376, 377.) Hence an allowed claim must draw interest. This conclusion is in

harmony with numerous decisions which hold that for some purposes the allowance of a claim is a judgment."

The right to interest at the statutory rate from the date of the allowance of the claim was thus based by the court upon an express statutory provision which gave the allowance of a claim the same effect as a judgment against the executor or administrator and vice versa. Since then the statutory law has been radically changed.

Section 730 of the Probate Code which superseded section 1504, Code of Civil Procedure, quoted in *Estate of Glenn, supra,* now reads in part: "A judgment rendered against an executor or administrator, upon any claim for money . . . when it becomes final, *conclusively establishes the validity of the claim for the amount of the judgment. . . .*" (Italics ours.)

Section 713, Probate Code, now provides: "Every claim allowed by the executor and administrator and approved by the judge shall be ranked among the acknowledged debts of the estate . . . *but the validity thereof may be contested by any person in interest. . . . unless established by a judgment* against the executor or administrator." (Italics ours.)

It is no longer true as said in the quotation from *Estate of Glenn, supra*: "This is an express provision that a judgment upon a claim has the same effect as an allowance of the claim." By the present statutory provisions an allowed claim is still contestable by any person in interest. It has no finality or conclusiveness whereas a judgment against an executor or administrator by express statute "conclusively establishes the validity of the claim for the amount of the judgment" and is not contestable by any person in interest. Thus the parity no longer exists between an allowed claim and a judgment, which led the court to conclude in *Estate of Glenn, supra*: "But a judgment on a claim draws interest. . . . Hence an allowed claim must draw interest."

In *Estate of Cummins, supra,* 143 Cal. at page 527 another ground was suggested for making an allowed claim bear interest at the statutory rate, the court saying: "If the account was not a 'claim' which needed to be presented and allowed, and did not therefore rank as a judgment, still by the presentation and allowance the balance was ascertained, and interest commenced at that time, under section 1917 of the Civil Code." Section 1917, Civil Code, at the time of this decision (1904) provided: "Unless there is an express contract in

writing fixing a different rate, interest is payable . . . on any settlement of account, from the day on which *the balance was ascertained. . . ."* (Italics ours.) It was to the emphasized language that the court referred in the sentence quoted from the Cummins case.

Section 1917 Civil Code has been superseded by the Usury Law (2 Deering's Gen. Laws, 3757) and section 22, article XX of the state Constitution. In neither is the language emphasized found. Whatever logic there may have been in holding that an allowed claim bore interest because it became an "account . . . on which the balance was ascertained" ceased to have force with the repeal of section 1917, Civil Code, in which that language appeared.

Our conclusion is reinforced by *Estate of Bell,* 168 Cal. 253 wherein the court said at pages 258-259 [141 P. 1179] :

"But it is settled by our decisions that the allowance of a claim against a solvent estate is not equivalent to an ordinary judgment. It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate. It is only after such an order is made that it bears interest at the statutory rate."

It may well be added that only after an order for payment (Prob. Code, § 952) is the executor obliged to pay any general claim against the estate (Prob. Code, § 951) and as to any such claim paid by him prior to such order he acts at his peril. (*Estate of Fulmer,* 203 Cal. 693, 698 [265 P. 920, 58 A.L.R. 430].)

The order and decree from which the appeals are taken are affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied May 1, 1952, and appellant's petition for a hearing by the Supreme Court was denied May 29, 1952. Carter, J.. did not participate therein.