174 Cal.App.2d 505 (1959)
Estate of HOMER EIRVEN ADAMS, Deceased. CROCKER-ANGLO NATIONAL BANK, as Executor etc., Appellant,
v.
CLAUDE T. LINDSAY, INC. (a Corporation), Respondent.
Civ. No. 18156. 
California Court of Appeals. First Dist., Div. One. 
Oct. 19, 1959.
 Crozier C. Culp and Cyril Roche for Appellant.
 Orlando J. Bowman and Russell J. Mays for Respondent.
 TOBRINER, J.
 We must determine if a claim involving the purchase of goods for a liquidated sum on the terms of "2% ten; net 30" affords the right to statutory interest from the date of expiration of 30 days, or from any other date, prior to an order for the payment of the claim, within the meaning of the Probate Code. We have concluded that it fails to do so here because (1) the claim, presented to the executrix, made no demand for interest; (2) the claim on its face did not call for interest; and finally (3) the creditor was entitled to interest only from the date of order of payment.
 The representative of the estate did not, at any time, approve a claim for the payment of interest. Following decedent's death on October 9, 1951, respondent on February 1, 1952, filed a claim with the original executrix for the principal sum due in the amount of $9,422.04 for sale of lumber by respondent to decedent. The invoices of the sales were not attached to it. The executrix allowed the claim on March 24, 1952, and some three days later received invoices supporting the claim "for filing or such use as you find it necessary to make of them in the presentation of the claim to the court." The probate court on April 17, 1952, approved the claim to which there were invoices attached, itemized by amount and number, each stating "2% ten; net 30."
 Upon the removal of the original executrix she filed a final account and report of her administration, together with a petition for settlement of the account and report which included the allowance to respondent of $9,422.04. After the appropriate notices, her account was settled as requested, the order being filed on March 4, 1954.
 Despite the solvency of the estate, complications prevented *507 payment of claims for years. On August 16, 1957, respondent for the first time filed a petition requesting that interest be allowed on its claim for the original filing date of February 1, 1952. The successor executor, Crocker-Anglo National Bank, opposed this petition but on September 4, 1957, the probate court ordered that petitioner's claim bear interest "at the rate of seven per cent per annum commencing thirty days after date of each invoice." Crocker-Anglo, as executor, appeals from this decree.
 [1] The original presentation of the instant claim, which did not assert the payment of interest on the principal of the indebtedness, cannot serve to initiate the payment of interest. The applicable test is apparently an old one, emanating from a case in which a creditor, like the present one, made demand for the payment of the total principal due on an account for goods sold and delivered but failed to include reference to interest. In Aguirre v. Packard (1859), 14 Cal. 171 [73 Am. Dec. 645], the Supreme Court, in ruling upon an account presented to the administrator which did not "show any item of interest," said, "Perhaps this would not be necessary if the face of the paper showed that interest resulted as a matter of course from the facts stated as constituting the claim. But when this does not appear, we think that the party cannot recover on this account any more than for an article of goods or other item of indebtedness omitted from the statement of claim presented to the administrator." (Pp. 172, 173.)
 [2] Not only did the executrix fail to receive copies of the invoices at the time she approved the claim, but even if she had then obtained them, they would not "on the face of the paper" have shown that "interest resulted as a matter of course." Such a construction would not be the normal one placed upon the precise words of these invoices. The record affords no answer to appellant's contention that the terms "2% ten; net 30" cannot be otherwise construed than to mean "30 days' credit, but 2% discount if paid within 10 days." To sustain the interpretation that the parties thereby intended the payment of interest at the legal rate of 7 per cent after 30 days would compel the insertion of language which they themselves omitted.
 [3] Respondent's counterassertion that an undisputed and liquidated account for sale of goods is interest-bearing from maturity, while perhaps applicable in other situations, does not reach into the special procedures of probate. Typical of *508 respondent's cases is Puppo v. Larosa (1924), 194 Cal. 717 [230 P. 439], which involved a suit, not, of course, in a probate proceeding, for failure to pay a noninterest-bearing promissory note. The court allowed plaintiff interest stating that "[i]n such case interest is in the nature of damages ... and is not recoverable by virtue of any provision of the contract." (P. 720.) Similarly Flynn v. California Casket Co. (1951), 105 Cal.App.2d 196 [233 P.2d 131], exemplifies a nonprobate situation in which the court allowed interest as a measure of damages. The decisions which hold that obligations not expressly calling for interest may, in an action at law, yield interest do not affect the probate rule as to presentation of claims to the representative of an estate.
 Turning to the probate rules, we submit that the statutes and decisions allow interest at the statutory rate on a non-interest-bearing debt from the date of an order for payment of the claim. The Estate of Girard (1952), 110 Cal.App.2d 203 [242 P.2d 669], a decision by Justice Dooling, and Hilton v. McNitt (1957), 49 Cal.2d 79 [315 P.2d 1], in which the Supreme Court relied on the former case, are definitive.
 In the Girard case, supra, a creditor presented his claim to the executrix for $51,771.49, lent to the decedent on a non-interest- bearing basis. The executrix allowed the claim on March 10, 1950, and the probate court approved it on March 14, 1950. On October 20, 1950, the probate judge ordered the claim paid. The only issue in the case turned on the creditor's claim to statutory interest from the date his claim was allowed by the executrix and approved by the court. Affirming the rejection of such claim by the probate court, Justice Dooling, writing for the District Court of Appeal, held that statutory interest became payable only after the executrix had been ordered to pay a creditor's claim. In Hilton v. McNitt, supra (1957), 49 Cal.2d 79, the Supreme Court approves and follows this ruling, saying: "[O]nly after an order for payment is the executor obliged to pay any general claim against the estate. ... It follows, therefore, that plaintiff is entitled to interest at the statutory rate on the amount owed at the time of decedent's death only after the executor has been ordered to pay her claim." (P. 83.)
 While we appreciate the hardships suffered by respondent creditor by the long delay in the payment of this indebtedness and while we realize that the resulting equitable considerations undoubtedly motivated the ruling of the trial court, we *509 are confronted with fixed precedents of probate procedure.
 We reverse the judgment.
 Bray, P. J., and Foley, J. pro tem., [fn. *] concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.