[Civ. No. 19759. First Dist., Div. Three. Aug. 29, 1962.]

CLAUDE T. LINDSAY, INC., Plaintiff and Appellant, v. CROCKER-ANGLO NATIONAL BANK, as Executor, etc., Defendant and Respondent.

[Civ. No. 20004. First Dist., Div. Three. Aug. 29, 1962.]

Estate of HOMER EIRVEN ADAMS, Deceased. CLAUDE T. LINDSAY, INC., Petitioner and Appellant, v. CROCKER-ANGLO NATIONAL BANK, as Executor, etc., Objector and Respondent.

*Assigned by Chairman of Judicial Counsel.

Orlando J. Bowman and Edmund L. Regalia for Appellant.

Crozier C. Culp, Cyril Roche and Peter L. Lojo for Respondent.

SALSMAN, J.—We are presented here with two appeals. The first is from a judgment after the trial court sustained a demurrer to appellant's complaint without leave to amend. The second is from an order denying appellant's motion for payment of its creditor's claim, with interest from April 17, 1952.

The background of the litigation between the parties is this: Appellant sold lumber to Homer E. Adams and, upon the death of the latter in 1951, appellant presented its creditor's claim to the executrix of the estate of Adams. The executrix allowed the claim on March 24, 1952, and the probate judge approved the claim on April 17, 1952. The executrix was later relieved of her duties, and in connection with those proceedings she filed an account showing appellant's claim as a debt due from the estate. On March 4, 1954, the probate court entered its order settling the account of the executrix. The court made no order, however, for the payment of the claims of any creditors. In 1957, its claim still being unpaid, appellant filed a petition asking for an allowance of interest on the unpaid claim. This petition was opposed by the successor executor, Crocker-Anglo National Bank, but the court nevertheless entered its order awarding interest on appellant's claim "at the rate of 7% per annum commencing thirty days after date of each invoice." The executor appealed and the order was reversed. (See *Estate of Adams*, 174 Cal.App.2d 505 [345 P.2d 106].) Appellant then filed a complaint against the executor and the executor's attorney, in which it was alleged that on March 27, 1952, the executor's attorney orally represented and agreed that appellant's claim would bear interest at the rate of 7 per cent per annum from the date of approval of the claim. The complaint further alleged that this oral agreement was repudiated by the attorney for the executor "just prior to July 29, 1957." A second cause of action is alleged on an account stated, in which appellant prays for interest on its allowed claim from April 17, 1952. A third cause of action is stated against the executor's attorney for a claimed breach of warranty of authority, but no service of summons appears to have been made upon that defendant and the judgment here appealed from is in favor of the executor, Crocker-Anglo National Bank only. The defendant's general and special demurrer to the complaint was sustained without leave to amend, but "without prejudice to plaintiff's right to make a motion . . . for payment of the allowed and approved

claim . . . in the principal sum of $9,422.04 or such portion thereof as the circumstances of the estate permit.''

We consider first the claimed oral representations of the executor's attorney to the effect that interest would be paid on appellant's claim. Even if such representations were made, they could not prevent the executor from asserting as a defense that by law no interest on the appellant's claim is due or payable. This is so because the probate court itself is the guardian of the estates of deceased persons, and neither the executor nor his attorney, as officers of the court, has any authority to make or agree to make any payment to a creditor not authorized by law. It is presumed that a person dealing with an executor, as appellant claims to have done here, is aware of the limits of the executor's authority. (*Taylor* v. *Sanson,* 24 Cal.App. 515 [141 P. 1060].) Moreover, an executor may not be estopped to assert any legal defense available to him to protect the estate from an unauthorized claim. (*Hurlimann* v. *Bank of America,* 141 Cal.App.2d 801 [297 P.2d 682]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625-626 [250 P. 669, 48 A.L.R. 1308]; *Estate of Lucas,* 23 Cal.2d 454 [144 P.2d 340].) It follows, therefore, that if under the law no interest is due on appellant's claim, none will arise, regardless of the claimed oral representation of the executor's attorney.

The decisive issue presented by the appeal from the judgment of dismissal is whether a creditor of an estate with an allowed and approved non-interest-bearing claim on file, is entitled to interest on the claim from *any* date prior to an order of the court directing the executor to pay the claim.

The appellant's principal contention on this appeal is that the court settled the account of the executrix on March 4, 1954, and approved its claim contained in that account; that the approval of the account gave appellant's claim the status of a judgment and hence the claim bears interest at 7 per cent from the date of the court's order. We find no statutory authority for the proposition that an order settling and allowing an interim or a final account of an executrix or an administrator constitutes a judgment upon any claim reported in such an account as an allowed and approved claim, or that such an order automatically starts the accrual of interest on such a claim. It is the rule, affirmed in many cases, that if the creditor's claim is based on a non-interest-bearing debt, as it is here, interest arises only from the date when the court orders

payment of the claim to be made pursuant to Probate Code section 952. (*Estate of Adams, supra,* 174 Cal.App.2d 505; *Estate of Girard,* 110 Cal.App.2d 203 [242 P.2d 669]; *Hilton* v. *McNitt,* 49 Cal.2d 79 [315 P.2d 1]; *Estate of Bell,* 168 Cal. 253 [141 P. 1179].) In *Hilton* v. *McNitt, supra,* 49 Cal.2d 79 at 83 the court said: "Section 730 of the Probate Code provides that a judgment against an executor conclusively establishes the validity of the claim for the amount of the judgment and that the executor must pay the amount ascertained to be due. Judgments ordinarily bear interest at the statutory rate. However, only after an order for payment is the executor obliged to pay any general claim against the estate (Prob. Code, §§ 951, 952). This court said in *Estate of Bell,* 168 Cal. 253, 258, 259 [141 P. 1179], '[I]t is settled by our decisions that the allowance of a claim against a solvent estate is not equivalent to an ordinary judgment. It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate. It is only after such an order is made that it bears interest at the statutory rate.' And in *Estate of Girard,* 110 Cal.App.2d 203, 204 [242 P.2d 669], the court stated that 'The only question presented to us is whether a non-interest-bearing debt of a decedent bears interest at the statutory rate from the date of the allowance and approval of the creditor's claim. We have concluded that under the existing statutory law it does not.' "

 The fact that an allowed claim is reported to the court and approved by the court in its order settling the account of an executrix does not convert a non-interest-bearing claim into an interest-bearing one, for this can only be done, as the decided cases clearly establish, by an order for payment of the claim.

 The appellant also complains that the trial court did not grant permission to amend its complaint. The complaint demanded interest from April 17, 1952, the date of the allowance of the claim by the judge. The appellant has argued on this appeal that it has a valid claim for interest from March 4, 1954, the date of the approval of the account of the executrix by the probate court. Since the decided cases clearly establish that interest arises on a non-interest-bearing claim

only from the date of an order for payment, and no order for payment has ever been made here, the proposed amendment could add no substance to the complaint. The appellant's demand was for interest on its claim, and since under the substantive law no liability to pay interest arises, no amendment to the complaint could change the result, and the court's order sustaining the defendant's demurrer without leave to amend was therefore proper. (*Routh* v. *Quinn*, 20 Cal.2d 488 [127 P.2d 1, 149 A.L.R. 215] ; *Preder* v. *Fidelity & Casualty Co.*, 116 Cal.App. 17 [2 P.2d 223] ; *Robertson* v. *City of Long Beach*, 19 Cal.App.2d 676 [66 P.2d 167] ; *Saint* v. *Saint*, 120 Cal.App. 15 [7 P.2d 374].)

Appellant's final complaint is against the order of the probate court denying its motion for payment of its claim, together with interest from March 4, 1954. There is no merit in this portion of the appeal. Appellant's claim to interest has been disposed of by our ruling on the appeal from the judgment herein. It follows, therefore, that the probate court was correct in its refusal to make any order for the payment of interest on appellant's claim. ■ Nor is there any substance in the appeal from that portion of the order denying payment of the principal of appellant's claim. Section 952 of the Probate Code provides in part that upon settlement of an executor's account, and after the time to file or present claims has expired, the court shall order the payment of debts "as the circumstances of the estate permit." Section 950 of the Probate Code establishes the order of priority for payment of debts and charges against a decedent's estate. Appellant's claim falls within the very last class of debts to be paid. There is no showing in the record before us that the "circumstances of the estate" permit the payment of any claims, or that there are sufficient funds in the hands of the executor to pay the claims and charges of all creditors who by law are entitled to receive payment of their claims before appellant is entitled to be paid. We must presume that the evidence presented at the hearing on appellant's motion was adequate to support the court's determination that the circumstances of the estate did not then warrant any order for the payment of claims, and in the absence of some showing that the condition of the estate permits the payment of all claims having priority over appellant's claim, the order appealed from must be affirmed.

The judgment of dismissal is affirmed; the order denying

appellant's motion for payment of its creditor's claim with interest from April 17, 1952 is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 24, 1962. Tobriner, J., did not participate therein. Schauer, J., and White, J., were of the opinion that the petition should be granted.