v.

STATE of Alaska, Appellee.

No. 1470.

Supreme Court of Alaska.

July 29, 1971.

In the Matter of the ESTATE of Wendell A. GREGORY, Deceased.

Claire L. THOMSON, Administrator, and Lora Gregory Ford, Widow and former Administratrix, Appellants,

v.

Robert M. GREGORY, Guardian ad Litem, Appellee.

No. 1164.

Supreme Court of Alaska.

July 14, 1971.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

Helen L. Simpson, Anchorage, for appellants.

John M. Conway and Bruce E. Gagnon, of Atkinson, Wade, Conway & Young, Anchorage, for appellee.

## OPINION

CONNOR, Justice.

This is a probate case in which certain orders of the superior court are brought into question. These orders were directed against a former administratrix who had been removed for misconduct in handling the estate's affairs.

Wendell Gregory died in 1962, leaving a widow, Lora M. Gregory, and four children from a previous marriage. Lora obtained probate of a will and had herself appointed administratrix of the estate. She submitted an inventory, listing a federal income tax refund as the estate's only asset.

Robert Gregory, brother of the deceased, became guardian ad litem for the three minor children of the deceased. Robert succeeded in having the will set aside because Lora had procured witnesses to sign the will after the death of the deceased.

Shortly after his appointment as guardian, Robert moved to compel an accounting, alleging that Lora had failed in previous inventories to list all the assets of the estate. Several inventories and accountings were thereafter filed, each one showing additional assets previously unlisted. More than once, Lora Gregory was cited by the probate master for failure to file timely accountings.

In February of 1965 Lora Gregory filed a first and final account and petition for distribution and discharge. The accounting showed assets of $5,656.42 and claims and expenses of $6,572.06, leaving nothing for distribution. Robert Gregory objected to the accounting, claiming that Lora Gregory had failed to include assets in excess of $3,000.00 and had included numerous personal expenses.

After a hearing on the first and final account, the probate master found, among other things, that Lora Gregory as administratrix had intermingled assets and mismanaged the estate to such an extent that an accurate accounting was impossible. The master also found that the account should be disapproved and that Lora Gregory should be removed as administratrix. Based on the master's findings, the superior court on July 22, 1965, ordered Lora Gregory's letters of administration revoked and ordered her to put the estate's assets into proper order. Lora Gregory filed a petition for review of this order, but apparently abandoned it.

Nothing further was done in the estate until March of 1967 when Lora Gregory, by that time remarried, petitioned the court for an award of a widow's allowance. The probate master denied her petition and further ordered that a new administrator be appointed to make a complete appraisal of the assets preparatory to a full and final accounting.

The new administrator, Claire Thomson, filed a first and final account and petition for final distribution on November 26, 1968. Robert Gregory as guardian for the minor children filed objections. The master found that Lora M. Gregory had improperly claimed certain personal expenses as expenses of the estate. He also found that Lora had purchased a new car for herself in 1963 with the insurance proceeds from the wrecked automobile in which Wendell Gregory had died. He recommended that Lora should restore to the estate with interest the sum of $2,995.00 received from the auto insurance.

The administrator in his account had determined that the estate should be credited with only 30 percent of the assets of the business which deceased had operated. This determination was based on income tax returns for Wendell and Lora Gregory for the years 1960, 1961 and 1962. The returns showed Wendell's income as roughly 28 percent of their total combined income for those years. The master disagreed with this determination and recommended that 50 percent of the business assets should be included in the estate.

All of the master's findings and recommendations were accepted by the superior court, except for the denial of Lora's widow's allowance, as to which the superior court reserved judgment.

An amended first and final account was subsequently filed in March of 1969. Fol-

lowing a hearing and further amendments by the court, the accounting was approved in May of 1969. The superior court ordered, inter alia, that the interest on the $2,995.00 in automobile insurance which Lora had converted to her personal use should be compounded annually from January 1, 1963, to January 1, 1969, rather than computed simply. The superior court also found the assets of the estate to be $8,109.75 and the claims, expenses and other costs to be $4,604.47. The net estate was awarded as a family allowance to Robert Gregory as guardian of the minor child Phyllis Gregory, for her support and maintenance.[1] From the court's order, the administrator of the estate and Lora M. Gregory have appealed.

### 1. *The Family Allowance.*

Lora Gregory (now Lora Ford) cites as error the superior court's award of the entire net estate as a family allowance for the benefit of the minor child Phyllis Gregory.

The award of the family allowance was based on AS 13.30.130(a) which provides:

> *"Award to Family.* (a) After the filing of the inventory, if the deceased died leaving a widow or minor children, the judge, upon such notice as may be fixed by him, upon being satisfied that the funeral expenses, expenses of last illness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving widow or minor children property of the estate not exceeding the value of $8,000, exclusive of any mortgage or mechanic's, laborer's or other lien upon the property so set off, which property so set off shall include the home and household goods, if any, and all property of the deceased exempt from execution.

> The award shall be by an order or judgment of the judge and vest the absolute title, and there shall be no further administration upon the portion of the estate so set off and awarded, but the remainder of the estate, if any, shall be settled as other estates. The property thus set apart, if there is a widow, shall be decreed by the judgment, her property to be used and expended by her for the maintenance of herself and the minor children of the deceased, if any, or if there is no widow it shall be decreed the property of the minor child, or if there are more than one, of the minor children in such proportion as the judge considers proper, taking into consideration their age and the expense of maintenance, to be used and expended in the nurture, maintenance and support of the child or children, until they become of legal age, by the guardian thereof, as the law may direct. The judgment, decree and award shall specifically describe the property set apart and is final, except in case of appeal or for fraud."

This court has stated that the predecessor to this section, when read in conjunction with the sections that are now AS 13.30.120 and 13.30.140,[2] "disclose[s] the motivating thought: that of support and maintenance of the widow and children." In re Hewett's Estate, 358 P.2d 579, 581 (Alaska 1961).

Appellant maintains that AS 13.30.130 is mandatory once a petition is filed, and that the court has no discretion as to the amount of property it will set aside. That is, if a petition is filed, the court must set aside property of the estate worth $8,000, or if, after deduction of the designated expenses, the estate is not worth $8,000, then the court must set aside as much property, exclusive of liens, as remains. Appellant argues further that this award must be given to the surviving widow. We do not agree.

1. All other children of the deceased had by this time reached majority.

2. AS 13.30.120 provides that the widow and children may remain in possession of the homestead, wearing apparel of the family, and household furniture, and also may have "reasonable provision allowed for their support" during the period before administration of the estate has been granted and the inventory filed. AS 13.30.140 provides for an allowance in addition to the one provided in 13.30.130 as necessary for the maintenance of the widow and minor children during the progress of the settlement of the estate.

The plain words of the statute are:

" * * * the judge * * * shall award and set off * * * property of the estate *not exceeding* the value of $8,000 * * *." (Emphasis supplied.)"

Nothing in the language of the statute indicates that the court must award the entire $8,000, or any specific amount. It only states that the award may not be in excess of $8,000. Since the dominant purpose of the family allowance statute is to assure that the widow and minor children receive support and maintenance, we believe the court has discretion to determine what amount is necessary to achieve this purpose. Therefore, it was not error for the superior court to find that the minor child, Phyllis Gregory, was entitled to the allowance to Lora Gregory's exclusion.[3]

■ Appellant also argues that under the terms of the statute, even if the allowance is to be applied to the child's benefit, it must go to the widow if there be one. The facts of this case, however, indicate that the minor child's interests have been adverse to Lora Gregory's throughout the entire proceeding. It has long been recognized that the courts employ equitable principles in carrying out the purposes of the statutes governing the administration of decedents' estates.[4] The court implicitly had the power to set up the support and maintenance arrangement under the family allowance statute in the manner it did, taking into account the apparent attitude of Lora Gregory toward the child.[5]

## 2. *Repayment of the $2,995.00.*

■ Appellant claims that it was error for the superior court to order restoration to the estate of the sum of $2,995.00 which Lora Gregory had received in the form of automobile insurance proceeds. Lora admits that she purchased a 1963 Chevrolet Impala automobile upon receipt of the proceeds, but argues that she accounted for the $2,995.00 in every accounting submitted to the court after May, 1964.

While it is quite true that the automobile was listed in the inventories and accounts, the master found that Lora Gregory used the automobile as her personal car. Furthermore, although she had had the full use of the car for six years, Lora had consistently listed its value at the purchase price. Thus, as late as 1969, when she was ordered to pay the money back to the estate, this 1963 Chevrolet was still being listed at a value of $2,995.00, although its value to the estate at that time was much less.

■ It is settled that an administratrix may not use estate funds without the permission of the court. In re Underwood's Estate, 6 Alaska 673 (1922). There was no error in ordering her to repay this money.

## 3. *Interest on the $2,995.00.*

■ The superior court ordered Lora Gregory to pay compound interest on the $2,995.00 for a period of six years, the interest to be compounded annually. She assigns as error, first, the imposition of any interest and, second, the imposition of compound interest.

An administratrix may be charged with interest on estate funds which she has converted to her own use. Sullivan v. Sullivan, 335 Mass. 268, 139 N.E.2d 510 (1957); In re Thompson Estate, 98 N.J.Super. 36, 235 A.2d 920 (1967), aff'd, 104 N.J.Super. 324, 250 A.2d 35 (1969); In re Meyer, 173 Pa. Super. 592, 98 A.2d 444 (1953); *see also* Annot. 18 A.L.R.2d 1384 (1951). The superior court correctly found that Lora M. Gregory had converted the sum of $2,995.00 to her own use, and that interest should be charged. We believe, however, that a charge of compound interest was erroneous.

3. In re Goulart's Estate, 218 Cal.App.2d 260, 32 Cal.Rptr. 229 (1963).

4. In re Bell's Estate, 168 Cal. 253, 141 P. 1179 (1914); In re Clos' Estate, 110 Cal. 494, 42 P. 971 (1895); In re Niles, 113 N.Y. 547, 21 N.E. 687 (1889).

5. *See* In re McSwain's Estate, 176 Cal. 280, 168 P. 117 (1917); Rosin v. United California Bank, 226 Cal.App.2d 166, 37 Cal.Rptr. 830 (1964).

AS 45.45.010(a) (1) provides:

*"Legal rate of interest.* (a) The rate of interest in the state is six per cent a year and no more on (1) money after it is due * * *."

This section cannot be construed as authorizing compound interest.

Appellee argues that since the administratrix had a duty to place the estate funds in an interest-bearing account, compound interest must be charged to put the estate in as good a position as it would have been had the money been so invested. We cannot accept this argument. We have no assurance that this money would not at some point have been authorized by the court to have been paid out in the form of claims or other expenses. While Lora Gregory's performance as administratrix was questionable, we cannot say with any certainty that the estate would have had the benefit of six years' compound interest had she not used the money to buy herself a car.

### 4. *$1,443.35 Claimed as Funeral Expense.*

■ From the time of her first semi-annual accounting, Lora Gregory has claimed as an expense of the estate $1,443.35 for funeral expenses of the deceased. The record indicates that this sum was paid by Maryland Casualty Company, in the form of a check made out jointly to Lora M. Gregory and a funeral home. Lora contends that the insurance money was never part of the estate, but was in the nature of medical payments arising out of the accident. It should be noted that Wendell Gregory died instantly and incurred no medical expenses. Further, the check was in the exact amount due and owing the funeral home.

Lora Gregory did not introduce any evidence to support her claim that the $1,443.35 was hers and not estate property. Nor did she present a verified claim as is required by AS 13.30.330. The finding of the court was not clearly erroneous and must, therefore, be affirmed.

### 5. *Division of Business Assets.*

■ The administrator who succeeded Lora Gregory recommended that only 30 percent of the business assets should be included in the estate, this recommendation being based solely on the income tax returns of Lora and Wendell Gregory. The master found that the assets should be divided equally between Lora and Wendell Gregory, and the superior court accepted that finding. Since these income tax returns were quite inconclusive as to the actual contributions which Lora made to the acquisition of the business assets, we cannot say that the findings of the master as accepted by the superior court were clearly erroneous.[6]

### 6. *Attorney's Fees.*

■ The attorney for the administrator was awarded a fee of $500.00. Appellants claim that an award so low was an abuse of discretion. We disagree. Much of the labor expended in this case was for the personal benefit of Lora M. Gregory and should not have been chargeable to the estate. There was no abuse of discretion. In re Underwood's Estate, supra, 6 Alaska at 678–679.

The case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part.

6. We are not presented with any questions of partnership law or the treatment to be given to property held exclusively by deceased but acquired through contributions by the surviving spouse. Each party apparently operated on the assumption that a division of business assets in some amount between Lora and deceased was proper.